FILED _____ ENTERED
_____ LODGED _____ RECEIVED

OCT 24 2019

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MICHAEL W. SMITH | * |
| Plaintiff, | * |
| v. | * Civil No. CCB-19-1592 |
| MTD PRODUCTS, INC., *et al.* | * |
| Defendants. | * |

* * * * * * * * * * * * * * * * * * * * * * * *

## MEMORANDUM

This is a case about injuries caused by an allegedly defective snow thrower designed and manufactured by the defendants, MTD Products Inc., MTD Consumer Group Inc., MTD Holdings Inc., and MTD LLC (collectively "MTD").[1] Pending before the court is MTD's motion for summary judgment. For the reasons explained below, the court will deny the motion.

### FACTUAL AND PROCEDURAL HISTORY

In 2005, plaintiff Michael W. Smith purchased an MTD Yard Machine Snow Thrower[2] from a retail store in Anne Arundel County, Maryland. (Compl. ¶¶ 3, 5, ECF No. 3). On January 21, 2016, while Smith was attempting to re-inflate a tire on the snow thrower, the rim of the wheel assembly suddenly exploded, injuring him. (*Id.* ¶ 6).

MTD designed and manufactured the snow thrower and its component parts, including the wheel assembly. (*Id.* ¶ 7; Defs.' Mot. at 2–3, ECF No. 44-1). On December 31, 2018, Smith filed suit against MTD in the Circuit Court for Anne Arundel County, alleging strict liability for

---

[1] MTD LLC is a wholly-owned subsidiary of MTD Consumer Group Inc., which is a wholly-owned subsidiary of MTD Products Inc. MTD Holdings Inc. is the parent company of MTD Products Inc. (Memo. of Law in Support of Defs.' Mot. for Summ. J. ("Defs.' Mot.") at 2, ECF No. 44-1).

[2] Model number 31A-3BAD729; serial number 1J254140110001. (Compl. ¶¶ 3, 5. ECF No. 3).

1

a defective product, negligence, breach of the implied warranty of merchantability, and breach of the implied warranty of fitness for a particular purpose. (Compl. ¶¶ 10–23, ECF No. 3). MTD removed the case to this court, claiming diversity jurisdiction under 28 U.S.C. § 1332. (Defs.' Notice of Removal at 2, ECF No. 1).[3]

The parties and events relevant to this case span several states and two countries. MTD's various entities maintain headquarters and principal places of business in Ohio[4] and Smith is a lifelong resident of Maryland. According to the Vice President of Product Safety & Compliance for MTD Products Inc., Daniel J. Martens, the plastic wheel rims on the snow thrower were designed, manufactured, and tested in Ohio, and the plastic wheel rims were assembled onto the snow thrower at a facility in Canada. (Martens Aff. ¶¶ 9–11, Defs.' Mot. Ex. A, ECF No. 44-3). MTD further states that the snow thrower bearing the model and serial number alleged by Smith was sold and shipped to a Home Depot store in New Jersey. (*Id.* ¶ 14). It is undisputed that Smith's injuries occurred in Maryland. (Defs.' Mot. at 4, ECF No. 44-1).

MTD filed a motion for summary judgment, arguing that the court should apply Ohio law and find that Smith's claims are barred by Ohio's ten-year statute of repose for product liability actions. The motion has been fully briefed, and no oral argument is necessary.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(a) provides that summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine if 'a reasonable jury could return a verdict for the nonmoving party.'" *Libertarian Party of Va. v.*

---

[3] There is complete diversity between the parties and the amount in controversy exceeds $75,000.
[4] MTD Products Inc., which is incorporated in Delaware, is the only defendant entity that is a citizen of a state other than Ohio. (Notice of Removal at 2, ECF No. 1).

*Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Dulaney v. Packaging Corp. of Am.*, 673 F.3d 323, 330 (4th Cir. 2012)). "A fact is material if it 'might affect the outcome of the suit under the governing law.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Accordingly, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment[.]" *Anderson*, 477 U.S. at 247–48.

The court must view the evidence in the light most favorable to the nonmoving party, *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014) (per curiam), and draw all reasonable inferences in that party's favor, *Scott v. Harris*, 550 U.S. 372, 378 (2007) (citations omitted); *see also Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 568–69 (4th Cir. 2015). At the same time, the court must "prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 1993)).

## ANALYSIS

### A. Choice of Law

i. *Lex Loci Delicti*

Federal courts sitting in diversity must apply the substantive law of the forum state, including the forum state's choice of law rules. *Klaxon Co. v. Stentor Elect. Mfg. Co.*, 313 U.S. 487, 496–97 (1941); *Colgan Air, Inc. v. Raytheon Aircraft Co.*, 507 F.3d 270, 275 (4th Cir. 2007). For claims in tort, Maryland follows the *lex loci delicti* rule. *Proctor v. Washington Metro. Area Transit Auth.*, 412 Md. 691, 726 (2010) (citing *Philip Morris v. Angeletti*, 358 Md. 689, 744 (2000)). The *lex loci delicti* rule provides that "the substantive tort law of the state where the wrong occur[s]" governs. *Philip Morris*, 358 Md. at 746 (quoting *Hauch v. Connor*,

3

295 Md. 120, 123 (1983). "[W]here the events giving rise to a tort action occur in more than one State," the court must "apply the law of the State where the injury—the last event required to constitute the tort—occurred." *Lab. Corp. of Am. v. Hood*, 395 Md. 608, 615 (2006); *see also Angeletti*, 358 Md. at 745–46.

Counts One and Two of Smith's complaint—strict liability and negligence—are tort law claims. (Compl. ¶¶ 5–7, ECF No. 3). It is undisputed that Smith was injured in Maryland. Under *lex loci delicti*, Maryland substantive law thus applies. MTD, however, urges the court to abandon the *lex loci delicti* rule and instead apply the approach outlined in the Restatement (Second) of Conflict of Laws § 145 (1971). While it is true that many other states use the Restatement (Second) approach for analyzing choice of law in tort cases, the Court of Appeals of Maryland has consistently reaffirmed the state's use of *lex loci delicti*. *See Erie Ins. Exch. v. Heffernan*, 399 Md. 598, 624–25 (2007) ("We see no reason to discontinue our adherence to the principles of *lex loci delicti*."); *Hood*, 395 Md. at 615 ("Unlike most other States . . . Maryland continues to adhere generally to the *lex loci delicti* principle in tort cases."); *Hauch*, 295 Md. at 123–24 ("The rule of *lex loci delicti* is well established in Maryland. When its rationale has been put into question, 'this Court has consistently followed the rule[.]'" (quoting *White v. King*, 244 Md. 348, 352 (1966))); *see also Williams v. Gyrus ACMI, Inc.*, 790 F. Supp. 2d 410, 414 (D. Md. 2011) ("Despite a modern trend favoring alternative approaches, Maryland adheres to the *lex loci delicti* rule to determine the applicable law in tort actions.") (internal citation and quotation marks omitted).

MTD argues that the Restatement (Second) "significant relationship" test is a fairer choice of law rule in the context of modern society. (Defs.' Reply at 2, ECF No. 53). But the Court of Appeals has explained that its adherence to *lex loci delicti* is a deliberate choice rather

than a mere holdover from the past. Specifically, the Court has stated that *"lex loci delicti* recognizes the legitimate interests which the [state where the harm occurred] has in the incidents of the act giving rise to the injury." *Heffernan*, 399 Md. at 624. Moreover, the rule "leads to a consistent, predictable approach." *Id.* MTD has offered no compelling argument that *lex loci delicti* is a fundamentally unfair rule. Even if it had, it is not this court's place to substitute its judgment for that of Maryland's highest court on questions of Maryland choice of law rules for actions in tort. Accordingly, the court will apply Maryland substantive law to Smith's tort claims.[5]

ii. *Lex Loci Contractus*

Counts Three and Four of Smith's complaint are breach of contract claims based on alleged breaches of warranty. (Compl. ¶¶ 7–9, ECF No. 3). "In a contract claim, Maryland courts follow the rule of *lex loci contractus*, applying the substantive law of the state where the contract was formed[.]" *Allstate Ins. Co. v. Rochkind*, 381 F. Supp. 3d 488, 498 (D. Md. 2019). For breach of warranty claims, "the law of the place of the sale determines the extent and effect of the warranties which attend the sale." *Volkswagen of Am., Inc. v. Young*, 272 Md. 201, 220

---

[5] Given the conclusion that Maryland's choice of law rule applies here, the court need not address MTD's argument that under the Restatement (Second) approach, Ohio substantive law should govern this action. However, the court notes that MTD failed to discuss *Alley v. MTD Prod., Inc.*, No. 3:17-CV-3, 2017 WL 6547996 (W.D. Pa. Dec. 20, 2017), in its memorandum. *Alley* has many similar features to this case, including the fact that both involve the same defendants. The plaintiff in *Alley* sued MTD over injuries sustained while operating an allegedly defective MTD snow thrower and argued that the substantive law of the state where he was injured—Pennsylvania—should govern the action. *Id.* at *1–2. MTD argued that under the Restatement (Second) "significant relationship" test, which Pennsylvania incorporates into its choice of law rule, Ohio substantive law should apply. MTD's argument in *Alley* was very similar to MTD's argument here. The *Alley* court conducted a thorough analysis and ultimately rejected MTD's argument, concluding that Pennsylvania had a more "significant relationship" to the case than Ohio. *Id.* at *10. In part, the court found that "a Pennsylvania resident, [who] purchased the snow thrower in Pennsylvania, only ever used the snow thrower in Pennsylvania, and was injured by the snow thrower in Pennsylvania . . . had a justified expectation that Pennsylvania law would apply to any claims arising from injuries he sustained while using the snow thrower." *Id.* at *7. The court found that MTD, which sells its products to national retailers, had no analogous justified expectation that Ohio law would apply. *Id.* As MTD asked this court to conduct a "significant relationship" analysis here, on very similar facts, the court is surprised by MTD's decision not to attempt to distinguish—or even mention—*Alley*.

(1974). Smith states that he purchased the snow thrower in Maryland, (Compl. ¶ 4, ECF No. 3), an assertion that the court accepts as true for the purposes of this motion.[6] Regardless, MTD does not appear to contest the use of *lex loci contractus*. The court thus finds that Maryland substantive law applies to Smith's contract law claims.

## B. Summary Judgment

MTD's sole argument for summary judgment is that Smith's claims are time-barred by Ohio's ten-year statute of repose for product liability claims. (Defs.' Mot. at 17, ECF No. 44-1). Maryland has no such limitation on these types of claims. The court's finding that Maryland substantive law applies to this case is thus fatal to MTD's motion.

## CONCLUSION

For the foregoing reasons, the defendant's motion will be denied. A separate order follows.

10/24/19

Date

 CCB

Catherine C. Blake
United States District Judge

---

[6] MTD does not directly contradict Smith's statement that he purchased the snow thrower in Maryland. But MTD does claim that this particular snow thrower was shipped to a Home Depot in New Jersey and that "[t]he Plaintiff does not appear to have purchased the snow thrower from [Home Depot] himself." (Defs.' Mot. at 4, ECF No. 44-1).